IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) |
| ROBERT A. BAINBRIDGE, | ) BANKRUPTCY NO. 15-12924 |
| | ) CHAPTER 13 |
| Debtor | ) |
| | ) ADVERSARY PROC. NO. 15-461 |
| ROBERT A. BAINBRIDGE | ) |
| Plaintiff | ) |
| v. | ) |
| U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT | ) |
| Defendant | ) |

STIPULATED ORDER DETERMINING THE EXTENT OF THE SECOND LIEN
OF THE U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

Plaintiff, Robert A. Bainbridge, (hereinafter referred to as Debtor or Plaintiff) and United States Department of Housing and Urban Development (hereinafter referred to as Defendant or HUD), by and through undersigned counsel, hereby consent to the entry of the following ORDER:

IT IS HEREBY ORDERED that Defendant has a valid Subordinate Deed of Trust, (Partial Claim) dated March 31, 2009, and an Open End Mortgage (Emergency Homeowners' Loan Program) dated November 15, 2011, on the Debtor's real property, commonly known as 528 Glasgow Street, Pottstown, PA 19464. A security instrument has been given to the Secretary of Housing and Urban Development (Defendant), conveying to Defendant as beneficiary a lien on the following described real estate:

ALL Those certain three lots or pieces of land with the improvements erected
thereon situated in the 9th Ward of the Borough of Pottstown, County of

Montgomery, Commonwealth of Pennsylvania, herein after described in one tract, bounded and described as follows, to wit. BEGINNING at a point on the south side of Glasgow Street, a corner of this and land now or late Clyde W. Ludwig; thence along said Glasgow Street, north 40 degrees 24 minutes east 148 feet to the west side of a proposed street 50 feet wide, thence along the same in an eastwardly direction 161 feet 8 inches to the north side of a proposed alley; thence along said alley in a southwesterly direction 67 feet to a point, a corner of this land of said Clyde W. Ludwig; thence along said Clyde W. Ludwig land northwesterly 140 feet to the place of beginning. Containing in said description Lots 2, 3, and 4 in a plan of lots laid out by the Pottstown Iron Co., as surveyed in 1923 by Ralph E. Shanner, Engineer, except, however all those certain two lots or pieces of land with the improvements erected thereon, situated in the ninth ward of the Borough of Pottstown, County of Montgomery and Commonwealth of Pennsylvania, hereinafter described in One tract, bounded and described as follows: BEGINNING at a point on the South side of Glasgow Street, a corner of this and land now or late of Frank John; thence along said Glasgow Street, northwardly 60 feet to a corner of land now or late of Clyde W. Ludwig, thence eastwardly 140 feet to an alley, thence southwardly along said alley 60 feet to a point and corner of the land now or late of Frank Jones, thence westwardly 140 feet to the place of BEGINNING.

Under and subject, nevertheless, to all reservations, restrictions, covenants, conditions, easements, leases and rights of way appearing of record.

IT IS FURTHER ORDERED that Defendant shall have an allowed unsecured claim in the amount listed on the attached Certificate of Indebtedness and said claim shall be incorporated in the Debtor's Chapter 13 plan.

IT IS FURTHER ORDERED that, upon successful completion of the Chapter 13 Plan and receipt of an Order of Discharge, the Subordinate Deed of Trust and Open-End Mortgage shall be terminated and released.

IT IS FURTHER ORDERED that, in the event the Plaintiff refinances the loan on the subject property or sells the subject property prior to the completion of the Chapter 13 case and receipt of a Chapter 13 discharge, then the Subordinate Deed of Trust and Open-End Mortgage will be paid in full at closing unless a lesser amount is agreed to by the parties.

IT IS FURTHER ORDERED that, in the event Debtor fails to complete the Chapter 13 Plan and obtain a Chapter 13 discharge order in the above-captioned bankruptcy this order does not affect the validity or enforceability of the Subordinate Deed of Trust and Open-End Mortgage and may not be used in any subsequent bankruptcy case of the Debtor either to compel the holder of the Subordinate Deed of Trust and Open-End Mortgage to execute a discharge of the Subordinate Deed of Trust and Open-End Mortgage or to otherwise act as a discharge of the Subordinate Deed of Trust and Open-End Mortgage.

IT IS FURTHER ORDERED, that upon completion of the Debtor's Chapter 13 Plan and the entry of a Chapter 13 discharge order, the Debtor may record a certified copy of this order, with a copy of the Debtor's Chapter 13 discharge order attached, in the property records of the county, which will constitute and effectuate the release and discharge of the Subordinate Deed of Trust and Open-End Mortgage.

IT IS SO ORDERED.

Date: _____

WE ASK FOR THIS:

_____
ZANE DAVID MEMEGER
United States Attorney
Attn: Richard Bernstein
Assistant United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA  19106
Counsel for United States of America

HON. Stephen Raslavich
United States Bankruptcy Judge
Entered on Docket:

*signature* / Mitchell J. Price
John L. McClain
(John L. McClain & Associates
P.O. Box 123
Narberth, PA
215-893-9357
Counsel for the Debtor

SEEN:

*signature*
Frederick L. Reigle
2901 St. Lawrence Avenue
P.O. Box 4010
Reading, Pa 19606
610-779-1313
Chapter 13 Trustee